UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

KAREN PASTOR-GALEANA,

Petitioner,

v.

CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center; PATRICK DIVVER, Field Office Director, San Diego Office of Detention and Removal, U.S. Immigration and Customs Enforcement; TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement, U.S. Department of Homeland Security; and MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security,

Respondents.

Case No.: 26-cv-3249-JES-MMP

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

**[ECF No. 1]**

Before the Court is Petitioner Karen Pastor-Galeana's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"). ECF No. 1, ("Pet."). Pursuant to the Court's Order to Show Cause, ECF No. 3, Respondents (the "Government") filed the Return. ECF No. 6, ("Ret."). Petitioner filed a Traverse. ECF No. 7. For the reasons set forth below, the Court **GRANTS** the Petition.

1

## I.    BACKGROUND

Petitioner is a 26-year-old native and citizen of Mexico who fled to the United States after suffering domestic violence and death threats from her former partner and his family. Pet. ¶ 1. She entered the United States on or about February 28, 2023, near Nogales, Arizona, and was immediately apprehended by U.S. Customs and Border Protection. *Id*. ¶¶ 2, 13. On March 1, 2023, she was issued a Notice to Appear charging her as an alien present in the United States without admission or parole under INA § 212(a)(6)(A)(i). *Id*. ¶ 23; *Id*. at 23-25 ("NTA"). The NTA noted that an asylum officer had found a credible fear of persecution. *See* NTA. On March 2, 2023, immigration authorities released Petitioner on an Order of Release on Recognizance. Pet. ¶¶ 2, 13; *id*. at 19.

For more than three years, Petitioner complied fully with all conditions of her release, appeared at all scheduled immigration proceedings, has no criminal history, and built a life in the United States. *Id*. ¶ 3. She is the primary caregiver of her two daughters, and Samantha P., a United States citizen minor. *Id*. ¶¶ 3, 13. Petitioner's asylum proceedings are currently pending. *Id*. ¶¶ 22–23.

In April 2026, Respondents arrested and detained Petitioner, without providing written notice of any parole revocation and without affording her any opportunity to be heard. Pet. ¶¶ 26, 31. While detained at Otay Mesa Detention Center in San Diego, California, Petitioner sought a custody redetermination before an immigration judge ("IJ"), on May 28, 2026. ECF No. 4. The IJ denied her request, finding Petitioner subject to mandatory detention under INA § 235(b)(1)(B)(iii)(IV) and citing *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), and the Ninth Circuit's stay of *Maldonado Bautista v. DHS*, No. 26-1044 (9th Cir. Mar. 6, 2026). *Id*. Petitioner reserved her appeal of that ruling, with an appeal deadline of June 29, 2026. *Id*. No administrative remedy for release, therefore, remains available to Petitioner.

//
//
//

2

26-cv-3249-JES MMP

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III.    DISCUSSION

In its Return, the Government concedes that Petitioner was previously released from immigration custody on conditional parole but maintains she is subject to mandatory detention under 8 U.S.C. § ("Section") 1225(b)(2). Ret. at 2. The Government does not, however, dispute the facts underlying the Petition, does not contest that prior decisions in this district are controlling, and expressly states that it "does not oppose the petition." *Id.* at 3. The Traverse further demonstrates that the Government's Return fails to engage with the claims actually raised—namely, the unlawful revocation of Petitioner's conditional parole under the Administrative Procedure Act ("APA") and the Due Process Clause—and instead attempts to reframe the case as one involving only the proper statutory basis for detention under Sections 1225(b)(2)(A) or 1226(a). ECF No. 7 at 1–2. The Court declines to allow the Government to redefine the claims presented.

Petitioner presented herself at the border and was immediately apprehended, processed, found to have a credible fear, and released on her own recognizance. ECF No. 7 at 2; *see* Pet. at 19. Therefore, the relevant legal question is not whether Petitioner is

26-cv-3249-JES MMP

entitled to a bond hearing under Section 1226(a), but whether Respondents unlawfully revoked her existing conditional parole.

The Court finds that the legal issues implicated by this Petition—specifically, the court's jurisdiction and whether the Government lawfully revoked a noncitizen's conditional parole upon re-detention—have been squarely addressed by the undersigned in *Gergawi v. LaRose*, No. 3:25-CV-3352-JES-MMP, 2025 WL 3719321 (S.D. Cal. Dec. 23, 2025), and in the related line of cases from this District. The Court elects to follow that reasoning and incorporates it by reference. *Id.*

### A.    Jurisdiction

Although the Government does not contest the Court's jurisdiction, the Court confirms it may hear this Petition. The jurisdiction-stripping provisions of 8 U.S.C. § 1252 do not bar this Court from considering Petitioner's habeas claims. *See Martinez Lopez v. Noem et al.*, No. 25-cv-2717-JES-AHG, 2025 WL 3030457, at *2–3 (S.D. Cal. Oct. 30, 2025). Federal district courts retain jurisdiction under 28 U.S.C. § 2241 to hear claims by noncitizens challenging the lawfulness of their detention. *Demore*, 538 U.S. at 517; *Zadvydas*, 533 U.S. at 687. The Court, therefore, holds that it has jurisdiction over this action.

### B.    Due Process

The Due Process Clause protects all individuals in the United States from being "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693 (citations omitted). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Id.* at 690.

In *Gergawi*, the Court—like numerous others in this Circuit—found that the Government may only revoke a noncitizen's conditional parole, after first providing them with notice and an opportunity to be heard regarding alleged changed circumstances

26-cv-3249-JES MMP

showing them to be dangerous or a flight risk. 2025 WL 3719321, at *3-4; *see also Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (finding same).

It is undisputed that Respondents voluntarily chose to grant Petitioner conditional parole, after she entered the country in 2023. Pet. ¶ 2; Ret. at 2. The Court, therefore, finds that in doing so, Respondents created Petitioner's liberty interest in remaining out of immigration custody. *See Gergawi*, 2025 WL 3719321, at *3-4; *see also Pinchi*, 792 F. Supp. 3d at 1032.

Petitioner claims that the Government did not conduct a case-by-case assessment of whether changed circumstances exist that warrant the revocation of her parole, prior to it recently detaining her. Pet. ¶ 4. Nor did it provide Petitioner with any notice of its intent to undertake such activity. *Id*. Petitioner argues, therefore, the Government failed to follow the applicable statutory and regulatory provisions to terminate her parole. *Id*. The Government does not contest these accusations and, thus, waives it right to do so. *See* Ret. at 2-3.

Accordingly, the Court finds that the Government failed to provide Petitioner with any notice or an opportunity to be heard prior to revoking her parole, when it re-detained her. This conduct falls short of what the Due Process Clause requires to protect such a liberty interest. *See Gergawi*, 2025 WL 3719321, at *3-4; *see also Pinchi*, 792 F. Supp. 3d at 1032. As a result, the Government violated Petitioner's due process rights. *C.A.R.V. v. Wofford*, No. 1:25-CV-01395 JLT SKO, 2025 WL 3059549, at *9 (E.D. Cal. Nov. 3, 2025); *Leiva Flores v. Albarran*, No. 25-cv-09302-AMO, 2025 WL 3228306, at *5 (S.D. Cal Nov. 19, 2025); *Faizyan v. Casey*, No.: 3:25-cv-02884-RBM-JLB, 2025 WL 3208844, at *7 (S.D. Cal. Nov. 17, 2025). Accordingly, the Court will order Petitioner's immediate release.

### C.    APA Claim

The Court declines to decide the merits of Petitioner's APA claim given that the Court will grant the relief she seeks, based on its conclusion that Respondents violated her due process rights.

26-cv-3249-JES MMP

## IV.   CONCLUSION

For the reasons discussed above:

(1) The Court **GRANTS** Petitioner's Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241;

(2) Because the Court **GRANTS** the Petition and concludes that the Government's revocation of the non-citizen's conditional parole violates procedural due process, the Government is **ORDERED** to **IMMEDIATELY** release the non-citizen from custody, subject to any conditions of her preexisting conditional parole;

(3) The Government is **ORDERED** to file a Status Report on or before **June 22, 2026**, confirming that the non-citizen has been released; and

(4) The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: June 17, 2026

_____
Honorable James E. Simmons Jr.
United States District Judge

26-cv-3249-JES MMP